IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARA Z. UNDERWOOD, M.D. | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| THE PAUL REVERE INSURANCE, GROUP, et al. | : | NO. 02-2714 |

### AMENDED SCHEDULING ORDER

      **AND NOW**, this         day of   January, 2003,  **IT IS ORDERED** as follows:

      1. All fact discovery shall be completed by **March 7, 2003**.  Parties shall decide and agree among themselves upon dates for submissions of experts' reports.

      2. Additional parties, if any, must be joined within the time specified in Local RCP 14.1.

      3. Any amendments to the pleadings shall be such as not to delay the completion of discovery or the commencement of trial.

      4. All dispositive motions shall be filed no later than **March 27, 2003**.  Either party is permitted to file a motion for summary judgment pursuant to FRCP 56.  I would prefer, however, that a party without the burden of proof on a claim, file a motion for accelerated judgment in accordance with the attached "Brody Directive."

      5.  The parties shall schedule a settlement conference before United States Magistrate Judge Diane Welsh on or about **February 21, 2003.**  Unless an exception is granted in advance, Judge Welsh will require that lead counsel and parties with full settlement authority attend the conference.

      6. Final pretrial memoranda shall be filed pursuant to Local RCP 16.1(c) and shall contain all items listed in that rule.  The time for filing final pretrial memoranda is as follows:

Plaintiff shall file by **April 14, 2003.**

Defendant shall file by **April 21, 2003**.

7. In addition to the above, in a jury trial, each party is required to submit the following in conjunction with the pretrial memoranda:

- a trial memoranda on the legal issues in the case,

- proposed voir dire questions (**limited to 15 questions**),

- proposed jury instructions (one point per page). Failure to submit proposed jury instructions may result in the forfeiture of a right to object to omissions in the jury charge.

- proposed jury interrogatories,

- any motions in limine.

In addition to items in ¶6 above, in non-jury cases, each party shall file:

- a trial memorandum on the legal issues in the case,

- proposed findings of fact and conclusions of law,

- any motions in limine.

8. A final pre-trial conference will be scheduled when counsel are notified of the precise date and time of trial. In preparation for the final pretrial conference, counsel are expected to communicate with each other on the following matters in an effort to reach agreement. At the final pre-trial conference, counsel must be prepared to present a report on the following matters:

(a) agreed upon and disputed facts

(b) objections to any proposed witnesses;

(c) objections to any proposed exhibits (including objections to genuineness and authenticity);

(d) objections to any depositions to be read at trial;

(e) disputed legal issues;

(f) amendments to pleadings;

   (g) stipulated to and disputed points for charge;

   (h) verdict sheet and special interrogatories; and

   (i) number of days required for trial.

  9.  Absent extraordinary circumstances, a party will be prohibited from offering in its case in chief a witness or exhibit not listed in its final pretrial memorandum.

  10.  Three copies of the schedules of exhibits and, if practicable, two copies of the exhibit itself shall be prepared for use at trial.

  11.  This case will be placed into the trial pool on **April 28, 2003** or as soon thereafter as all dispositive motions have been decided.

**REMINDER**: Counsel must submit to chambers **a** courtesy copy of all papers filed with the clerk. The courtesy copy may be submitted either as two hard copies accompanied by a 3" floppy disc or, as an alternative, the courtesy copy may be submitted solely as an attachment to an e-mail.

- If the case number ends in 1,4 or 7 e-mail to: thomas_sullivan@paed.uscourts.gov

- If the case number ends in 2,5 or 8 e-mail to: sabrina_feve@paed.uscourts.gov

- If the case number ends in 3,6 or 9 e-mail to: hanna_rogers@paed.uscourts.gov

- If the case number ends in 0, e-mail to: chambers_of_judge_anita_b_brody@paed.uscourts.gov

All submissions directed to chambers must also be filed with the Clerk of the Court to assure proper docketing.

                  _____
                  Anita B. Brody,  J.

Chambers Fax:  215-580-2356

Copies **FAXED** on _____ to:     Copies **MAILED** on _____ to:

# PREFERRED PROCEDURE

Brody Directive for Accelerated Judgment Motion

(a) A defendant, or other party, with respect to one or more issues as to which that party does not have the burden of proof may, in lieu of a Motion for Summary Judgment under Rule 56, make a Motion for Accelerated Judgment in accordance with this Directive.

(b) The Motion for Accelerated Judgment must specify the issue or issues concerning which the motion is made.  The specification must:

(1) identify in outline form the issue(s) and/or sub-issue(s) as to which the Motion is directed, for example, referring to the pleadings;

(2) cite legal authority showing that the opposing party has the burden of proof as to that issue;

(3) affirm, on the basis prescribed in Rule 11, that there is no legally sufficient evidentiary basis to support the issues so identified; and

(4) request judgment as provided in Rule 56(c).

(c)  The party against whom the Motion for Accelerated Judgment is addressed shall file a  Response not later than 20 days after the motion for Accelerated Judgment is received.  The Response,  subject to the provisions of Rule 56(e) and (f), shall be supported with affidavits, depositions, documents or other evidence permitted by those provisions.

(d) The movant may Reply as permitted by Rule 56(e) and (f).  Such a Reply must be filed not later than 10 days after the Response described in paragraph (c) above is received .

(e) The party against whom the Motion for Accelerated Judgment is directed may, within 10 days after the Reply is received,  file a Sur-reply to the Reply described in (d) above.

*The purpose of this <u>Brody Directive,</u> as an alternative to a Motion for Summary Judgment under Rule 56, is to encourage the parties in their dispositive motion to better track the natural order of trial where the plaintiff sets forth its case and then defendant responds.*